### LYNCH et al. v. JOHNSON et al.
#### No. 2805.

Court of Civil Appeals of Texas. El Paso.
March 23, 1933.

Rehearing Denied April 20, 1933.

R. D. Blaydes, of Fort Stockton, for appellant Lynch.

W. B. Silliman, of Fort Stockton, and Jas. Cornell and R. G. Hughes, both of San Angelo, for appellee McDonald.

W. C. Jackson, of Fort Stockton, for appellee Johnson.

PELPHREY, Chief Justice.

S. C. Johnson, on January 20, 1930, executed to W. M. Holland his note for $16,000, due two years after date, and also executed, for the purpose of securing the note, a deed of trust on lots 13, 14, and 15, block 22, Old Fort addition to Fort Stockton, Tex. On January 22, 1930, this note was transferred to J. A. McDonald. Interest on the note was paid by Johnson on July 30, 1930, January 20, 1931, and on July 20, 1931.

There also appears to have been made the following payments: $150 on November 10, 1931, $200 on December 4, 1931, $150 on December 10, 1931, and $150 on January 10, 1932. Johnson executed to the First National Bank of Fort Stockton on June 18, 1931, a financial statement showing assets and liabilities as follows:

Cash in hand and Bank, .........$    500.00
Notes receivable, not due, ........ 25,120.00

Total Quick, ...............$ 25,620.00
Real Estate, ..................... 123,500.00
Corporation Stocks and Bonds,... 48,300.00

Liabilities
Notes to........................ 24,080.00
Other current liabilities,......... 500.00

Total Current...............$ 24,580.00
Mortgages on Real Estate,....... 20,000.00

Total Liabilities,............$ 44,580.00
Net Worth,..................$152,840.00

Included in the real estate the following properties were listed: Grand Théater, Fort Stockton, Tex., cash value $30,000, equity $20,000; Granada Theater, Alpine, Tex., cash value $30,000, equity $20,000; home, Fort Stockton, cash value $25,000, equity $25,000; three brick store buildings, Fort Stockton, cash value, $29,000, equity $29,000; three rent residences, cash value $9,500, equity, $9,500.

On June 20, 1931, he executed to the bank his renewal note for $5,500, and he and his wife, Lurline Johnson, executed a deed of trust to the bank on lots 13, 14, and 15, block 22, Old Fort addition, lots 11 and 12, block 85, Orient addition, and lot 16, block 14, Old Fort addition, all in Fort Stockton.

It was provided in the deed of trust that the lien therein given was subject to a prior lien as to lots 13, 14, and 15, block 22, in favor of J. A. McDonald.

The bank suspended operations on October 5, 1931, and F. M. Lynch was thereafter appointed receiver.

McDonald filed suit against Johnson on November 27, 1931, on the $16,000 note and to foreclose his deed of trust lien on lots 13, 14, and 15, block 22. On the same date he sued out a writ of attachment which was levied on lot 16, block 14. In his affidavit for the writ of attachment, McDonald set out that Johnson was about to dispose of his property, in whole or in part, with intent to defraud his creditors.

On January 25, 1932, McDonald was granted permission to file an amended petition in the suit and, Johnson failing to appear, the court rendered judgment in favor of McDonald for $17,569.45, foreclosing the deed of trust lien on lots 13, 14, and 15, block 22, and the attachment lien on lot 16, block 14, ordering same seized and to be sold to satisfy any deficiency in the event the amount realized from the sale of lots 13, 14, and 15, block 22, was not sufficient to satisfy the judgment.

Prior to May 5, 1932, the receiver filed this suit against C. S. Johnson and wife, Lurline Johnson, J. A. McDonald, all of Pecos county, and Ernest Mollison of Brewster county.

On July 14, 1932, he filed his amended petition alleging the indebtedness of Johnson to the bank in the sum of $5,500 as evidenced by the note; that said note was due and unpaid and constituted a part of the assets of the bank; that the note constituted a renewal of an original indebtedness to the bank; that at the time of the creation of the original indebtedness and as an inducement to the bank to make the loan, Johnson made a financial statement and that the bank made the loan in reliance thereon; that the purpose, nature, and extent of said statement was known to all defendants and by their joint attorney, W. B. Silliman; that by reason of said financial statement and the list of properties set forth therein, Johnson impliedly warranted and guaranteed all such property as security for the loan, and thereby created an implied lien thereon in favor of the bank; that thereafter Johnson and wife executed the deed of trust in favor of the bank to secure the payment of the note; that by reason of such deed of trust lien and the implied lien created by the financial statement, the bank had and held a valid subsisting lien on all the property to secure the payment of its note; that McDonald was claiming a prior lien on lots 13, 14, and 15, block 22, and an attachment lien on lot 16, block 14, and an abstract of judgment lien on lots 11 and 12, block 85; that the attachment lien asserted was void and of no force and effect, and, if it legally existed, it was inferior to the bank's lien; that it was effected by fraud on the legal rights of the other creditors of Johnson, because the grounds upon which the writ of attachment was sued out were false and fraudulent, and known to be so at the time they were made; that the writ was sued out without any present purpose or intention on McDonald's part of foreclosing the lien created thereby, and that, if he had the intention of foreclosing his lien, the attachment was collusively obtained for the purpose of delaying and defrauding other creditors of Johnson in the collection of their debts.

Johnson answered by general demurrer and general denial and by cross-action against McDonald seeking to have the judgment rendered against him on January 25, 1932, set aside or that it be amended so that no execution or order of sale should issue on same as per an alleged agreement between him and McDonald.

McDonald answered by general demurrer and general denial.

Upon a trial before the court judgment was rendered that the receiver recover from Johnson $6,730.68, being the principal, interest, and attorney's fees on the note sued upon; foreclosing the deed of trust lien of the bank against the property enumerated therein, subject to the prior lien of McDonald; that the receiver take nothing as against McDonald; and that Johnson take nothing as against McDonald on his cross-action.

Both Johnson and the receiver have appealed.

### Opinion.

The receiver in his first six assignments attacks the implied findings of the trial court, which findings, in effect, are: (1) That there was no collusion, fraud, or any intent, upon the part of S. C. Johnson, or upon the part of J. A. McDonald, to delay, and/or hinder and/or defraud the creditors of S. C. Johnson; (2) that the affidavit for the writ of attachment upon which the writ issued and the levy was made, was true; (3) that J. A. McDonald had a present intention at the time of the levy of attachment to foreclose same upon the property attached; (4) that the reasonable market value of the property covered by the deed of trust lien which McDonald held was inadequate and of less value than the amount of McDonald's claim at the time of the levying of the writ of attachment on lot 16, block 14; (5) that McDonald was not bound by the acts and agreements made by his agent and attorney, W. B. Silliman, with Johnson; and (6) that at the time of the levy of the writ of attachment on lot 16, block 14, and at the time of the rendition of the judgment on January 25, 1932, Johnson was solvent.

By his three remaining assignments he contends that the evidence conclusively showing that neither McDonald or his attorney had any intention to foreclose the attachment lien either at the time of the attachment levy or at the time judgment was rendered, and that

the evidence conclusively showing the existence of a collusive agreement between Johnson and Silliman to defraud, and a present intention to delay and hinder other creditors of Johnson, including the receiver, the court erred in not postponing the attachment lien on lot 16, block 14, and making it subject to the deed of trust lien of the receiver.

Appellee, on the other hand, asserts that the alleged falsity of the grounds upon which the writ of attachment was procured in the suit by McDonald against Johnson does not invalidate the lien created by the levy of the writ of attachment; that the implied finding of the court that the grounds set out in the affidavit for the attachment were true, being supported by evidence, will not be set aside on appeal; that the implied finding of the court that McDonald believed his alleged grounds for attachment to be true and had probable grounds for such belief, being supported by evidence will not be disturbed on appeal; and that a debtor has a legal right to prefer one or more of his creditors.

After hearing the argument of counsel, and, after a careful study of the record before us, we have reached the conclusion that a proper disposition of this cause depends upon whether or not the evidence shows that the judgment obtained by McDonald and suffered to be taken against him by Johnson was void under the provisions of article 3996, Revised Statutes 1925. That article provides that "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate real or personal, every unit commenced, or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void."

Therefore, if the judgment obtained by McDonald on January 25, 1932, and which was suffered by Johnson to be taken against him was so obtained and suffered with the intent to delay, hinder, and defraud the other creditors of Johnson, then the judgment, as far as the attachment lien is concerned, should be reversed.

The facts upon which appellant depends to show that the judgment was had with the intent to defraud Johnson's other creditors, are: (1) That the affidavit made by McDonald was untrue; (2) that McDonald had no present intention, at the time the attachment was levied, to foreclose same; and (3) that the reasonable market value of the property upon which McDonald had his deed of trust exceeded the amount of his claim.

■McDonald, who was called as a witness by appellant, testified that he knew that Johnson owed more than his property would sell for; knew that Johnson had sold some of his property to his wife; had heard rumors that he was disposing of all his property; and that, when he made the affidavit for attachment, he believed the statement therein, that Johnson was disposing of his property with the intent to defraud his creditors.

From this evidence the trial judge was warranted in finding that the affidavit was honestly made.

■On the question of McDonald's intention as to foreclosing the attachment lien, we find in the record no evidence as to any statement made by him or any action on his part evidencing any intention not to avail himself of all the rights accruing to him by virtue thereof.

While it is true that Johnson testified as to certain agreements between himself and Judge Silliman, yet, we find nothing in the record showing any express authorization from McDonald for the making of such agreements.

The mere employment of an attorney to bring a foreclosure suit for or to collect a debt owing to the client would not, in our opinion, carry with it any implied power to enter into an agreement to defraud other creditors of the debtor.

■It follows, therefore, that the court was justified in concluding that McDonald did not bring the suit to foreclose the deed of trust and attachment liens without any intention of having any order of sale issued thereunder, and this conclusion is further substantiated by the fact that in May following the taking of the judgment an order of sale was in fact issued.

There was considerable evidence introduced upon the question of the value of the property upon which McDonald had his deed of trust, but the estimates of its value are not based upon what the property would bring in cash.

McDonald, with something like $16,000 owing to him, having been told that his note would not be paid when due, and with knowledge that his debtor would be unable to pay, was faced with the necessity of taking the necessary steps to collect his debt.

His remedy under his deed of trust was to foreclose his lien and have the property sold. This naturally meant a sale for cash and all he would have received would have been the amount it would bring at such a sale. Under the conditions then existing, as reflected by the record, the property would have brought probably much less than the amount it might have been sold for on terms; or under normal conditions.

With these conditions confronting him we think it perfectly natural that he should have sought to subject other property of Johnson to the payment of his debt and we cannot

agree that the fact that the property upon which he had a deed of trust lien could have been sold on terms for more than sufficient to pay his claim would brand his action as fraudulent.

There being no evidence in the record showing that Johnson had a meritorious defense to the suit, the court properly rendered judgment that he take nothing as against McDonald.

We have carefully studied the case and have reached the conclusion that the facts support the implied findings of the trial court. The judgment is accordingly affirmed.